**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RICKY POWELL NETTLES**                                                                **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.  5:13CV257 CWR-LRA**

**CAROLYN W.  COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Commissioner's Motion to Dismiss

Plaintiff's Complaint.  The Commissioner contends that Plaintiff's Complaint was not

timely filed within the 60-day statute of limitations provided by 42 U.S.C. § 405(g), and

moves to dismiss the Complaint for failure to state a claim upon which relief can be

granted, pursuant to Fed. R. Civ. P. 12(b).  The Court finds the motion is not well taken

and should be denied for the reasons that follow.

Section 405(g) of the Social Security Act provides in relevant part as follows:

Any individual, after any final decision of the Commissioner of Social
Security made after a hearing to which he was a party, irrespective of the
amount in controversy, may obtain a review of such decision by a civil
action commenced within sixty days after the mailing to him of notice of
such decision or within such further time as the Commissioner of Social
Security may allow.

42 U.S.C. § 405(g).

The ALJ issued a decision denying Plaintiff's claim for disability benefits on April

26, 2012.  The Appeals Council subsequently denied Plaintiff's request for review on

March 26, 2013.  The Commissioner argues that Plaintiff's Complaint is untimely

because it was filed more than 60 days after Plaintiff's presumptive receipt of the *Notice*

*of Appeal Council Action* denying his request for review. *Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000)(holding that statute of limitations for challenging Commissioner's decision denying disability insurance benefits begins to run five days after the notice of Commissioner's decision is mailed to claimant).  Applying the five-day presumption for mailing, Plaintiff was deemed to have received the notice on March 31, 2013.  Plaintiff was therefore required to commence judicial review on or before May 30, 2013.  Because Plaintiff did not file the instant Complaint until June 10, 2013, the Commissioner argues that his cause of action is untimely.

        Plaintiff argues that his filing is timely because the Court had actual and constructive possession of his original Complaint and filing fee on May 24, 2013, before the expiration of the 60-day statute of limitations.  In support, Plaintiff submits copies of the original Complaint and a voided check for filing fees, in the amount of $455.00, both of which were forwarded to the United States District Court for the Southern District of Mississippi, Jackson Division, via certified mail on May 22, 2013.  He also produces a copy of the return receipt dated May 24, 2013.  Upon receipt of the original Complaint, Plaintiff states that the Clerk's office advised that the correct filing fee is actually $400.00, and returned the check and original complaint (unfiled).  In response, Plaintiff states that he submitted a check for the correct amount and the instant Complaint was stamped as "filed" in this Court on June 10, 2013.  The Commissioner does not dispute this evidence nor does she contest the accuracy of Plaintiff's assertions.

It is well-settled that "a complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk,' *Leggett v. Strickland,* 640 F.2d 774, 776 (5th Cir. 1981), regardless of the untimely payment of the required filing fee." *Rodgers on Behalf of Jones*, 790 F.2d 1550,1552 (11th Cir. 1986) (citations omitted ). *See also Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544 (5th Cir. 1978) (rejected the theory that timely payment of a filing fee is a jurisdictional requirement).  The Commissioner's argument to the contrary is without merit.  Plaintiff's action was commenced within the 60-day statute of limitation provided by § 405(g) and should proceed.

For these reasons, it is hereby recommended that the Commissioner's Motion to Dismiss Plaintiff's Complaint as untimely be denied.  The undersigned further recommends that the Commissioner be directed to file an Answer and the administrative record within 60 days of an order adopting the undersigned's report and recommendation, in accordance with this Court's briefing order entered on June 11, 2013.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of April 2014.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE