UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RICKY POWELL NETTLES                                                                        PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:13-cv-257-CWR-LRA

CAROLYN W. COLVIN
Commissioner of Social Security                                                              DEFENDANT

REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Plaintiff's Motion for Summary Judgment [17] and Defendant's Motion for an Order Affirming the Decision of the Commissioner [20].  Having considered the record in this matter, the undersigned recommends that Plaintiff's motion be denied and Defendant's motion be granted.

**HISTORY**

Plaintiff's application for social security disability and disability insurance benefits was denied initially and upon reconsideration, as well as denied by an Administrative Law Judge (ALJ) on April 26, 2012, and the Appeals Council on March 26, 2013.  [16] at 13, 5.  Plaintiff was fifty-six years old on the amended alleged onset date, making him a person of "advanced age" for social security purposes.  Plaintiff has a GED, and before claiming to be disabled, worked offshore as a production operator and coil winder.

1

Following the applicable sequential five-step analysis,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged disability onset date of October 10, 2010 (step 1), and had severe impairments of hypertension, diabetes mellitus, sleep apnea, degenerative changes affecting the right knee, a history of a panic disorder, an anxiety disorder, a depressive disorder, and obesity (step 2).  The ALJ concluded that Plaintiff's impairments (considered singly or in combination) were not as severe as any impairment listed as presumptively disabling in the applicable regulations (step 3). The ALJ then determined that Plaintiff retained the residual functional capacity (RFC) to perform medium[2] work except no climbing ladders, ropes or scaffolds, occasional climbing of ramps or stairs, and limited to the performance of simple, routine and repetitive tasks with only occasional interaction with the public, co-workers and supervisors. [16] at 19.  The ALJ determined that Plaintiff was unable to return to past relevant work (step 4).  *Id*. at 23.  At step 5, utilizing the testimony of a vocational

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).  If, at any step, the plaintiff is determined to be disabled or not disabled, the inquiry ends.  The plaintiff bears the burden through the first four steps of the analysis.  At the fifth, the defendant must show that there is other substantial work in the national economy that the claimant can perform.  *See, e.g., Myers v. Apfel*, 238 F.3d 617, 619-620 (5th Cir. 2001).

[2] For social security determination purposes jobs are classified by physical exertion requirements as sedentary, light, medium, heavy, and very heavy.  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567.

expert (VE), the ALJ determined that Plaintiff was capable of performing other work and therefore not disabled. *Id*.

## STANDARD OF REVIEW

When considering social security appeals, this Court's review is limited to determining whether substantial evidence supports the findings made by the Social Security Administration and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Adler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

## THE ISSUES PRESENTED

1.     Plaintiff's Credibility

Plaintiff argues that the ALJ erred in determining that Plaintiff's testimony was not fully credible. Plaintiff asserts that if the ALJ had properly considered Plaintiff's subjective complaints, Plaintiff would be found disabled.

Social Security Ruling (SSR) 96-7p, cited by Plaintiff, addresses how credibility of the claimant is to be analyzed. The Ruling provides:

> 1.     No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.
>
> 2.     When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.
>
> 3.     Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
>
> 4.     In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and

>    how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.
>
> 5.  It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Plaintiff argues that the ALJ violated SSR 96-7p by failing to consider the entire record and not giving specific reasons to support his credibility determination. Defendant, on the other hand, contends that the ALJ properly analyzed the record evidence and gave three pages of reasons for partially rejecting Plaintiff's complaints.

Plaintiff's first argument is that the ALJ erred in determining that Plaintiff has only a mild restriction in the area of social functioning and a moderate restriction in concentration. Though Plaintiff argues that these findings conflict with records of a physician, Plaintiff fails to provide any citation to the record. After analyzing all the evidence concerning Plaintiff's mental limitations, the ALJ addressed the issue:

> In any case centered on an individual's subjective complaints the issue of credibility is very important. In this case the claimant's credibility as to his alleged symptoms and limitations is suspect. First, the objective medical evidence does not establish conditions to produce the very serious physical and psychological symptoms and limitations that the claimant testified to at the hearing. Indeed, this evidence, as recounted above, shows that the claimant's physical and psychological conditions are not as serious as he alleges. Significantly no treating physician or treating psychiatrist/psychologist has advised that the claimant experiences any significant

>physical or psychological limitations.  Second, the claimant's own statements to Dr. Osborne concerning his extensive activities and social interaction contradict his testimony at the hearing as to experiencing very serious psychological related symptoms and limitations.  In addition, the notes from treating psychologist Mack make it clear that the claimant is not experiencing the very serious psychological symptoms and limitations he alleged at the hearing.

[16] at 22.  The foregoing reflects that the ALJ properly addressed the issue of Plaintiff's credibility, and the record evidence supporting his conclusions.  The undersigned finds no reversible error on this point.  Presumably the conflict Plaintiff references is with the records of a consultative psychologist, Dr. Osborne.  Dr. Osborne's opinion is addressed *infra*, pp. 7-8, in the context of Plaintiff's challenge to the ALJ's RFC finding.

Plaintiff also argues that the ALJ failed to properly consider Plaintiff's complaints concerning his knee pain.  With respect to Plaintiff's knees, the ALJ stated:

>Physically, the claimant testified that he suffers from bilateral knee pain.  He said that the right knee is worse.  The claimant said that he has this knee pain mostly every day and has since the amended alleged onset date of disability of October 1, 2010.  The claimant said that this pain is aggravated by walking activity.

[16] at 19.  The Fifth Circuit has held that when this Court is reviewing a claim that pain is disabling, the following standards apply:

>Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence.  It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference.  The determination whether an applicant is able to work despite some pain is within the province of the administrative agency and should be upheld if supported by substantial evidence.  Moreover, pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling.

*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(internal citations omitted).  In the instant case the ALJ concluded:

>The objective medical evidence does not support the claimant's allegations of debilitating symptoms and limitations.  The claimant's only physical problem

> alleged at the hearing concerns bilateral knee pain difficulty. The claimant, as noted, testified that this has been a problem since the amended alleged onset date of October 1, 2010. However, the medical records from the Veteran's Administration medical facility indicate that the claimant only complained of right knee pain difficulty in July 2011 after helping his son move a "heavy item" to the porch (Exhibit 13F). The pain was rated at a level of 4 on the 10-point pain scale with some "mild" instability noted on examination. An x-ray of the right knee was done and this showed moderate to severe degenerative narrowing in the medial compartment of the right knee (Id.). Subsequent notes from this facility do not establish ongoing complaints of chronic right knee pain problems. The claimant, in the Medication List submitted at hearing, indicates that he takes only over-the-counter Advil for his knees (Exhibit 12E, dated April 12, 2012). Significantly, there is nothing from a treating physician advising that the claimant is experiencing any significant physical limitations.

[16] at 20. The ALJ addressed the medical records in evidence concerning Plaintiff's knees and his decision is supported by substantial evidence. Plaintiff argues, *inter alia*, that the fact that the ALJ failed to note that Plaintiff had been prescribed a knee brace demonstrates that the ALJ failed to consider all the medical evidence and should be reversed. Defendant points out, however, that though there is a reference in the medical records to a knee brace, Plaintiff did not testify at the hearing about needing or wearing a brace. The ALJ's failure to mention that a brace had been prescribed, particularly in light of the fact that it may not even have actually been used, is not reversible error. As the Fifth Circuit has held: "The ALJ is bound by the rules of this Court to explain his reasons for rejecting a claimant's complaints of pain. He did so. That he did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

2.   The RFC

Plaintiff next argues that the ALJ incorrectly assessed his RFC. Plaintiff contends that the medical records and his testimony support his claim that he does not have the capacity to perform medium work, even with the restrictions imposed by the ALJ. Plaintiff focuses on Dr. Osborne's

opinion that Plaintiff "likely would have a great deal of difficulty mentally performing routine repetitive tasks, interacting with co-workers, and receiving supervision." [16] at 202.  Dr. Osborne is a consultative psychologist who examined Plaintiff on November 5, 2010.  The ALJ noted Dr. Osborne's statement, but concluded that it was not supported: "And while Dr. Osborne opined that the claimant may have difficulty performing routine repetitive tasks, this view is simply not supported by the evidence, including Dr. Osborne's own largely unremarkable findings on examination and the claimant's own statements to Dr. Osborne as to his fairly extensive activities and interests...." [16] at 22.  The ALJ also considered the records of treating psychopharmacologist James Mack, which indicated that Plaintiff had not complained to Dr. Mack of the serious, daily and debilitating psychological symptoms Plaintiff testified to at the hearing.  *Id.* The ALJ noted that Dr. Mack's notes indicate Plaintiff's psychological condition is well managed with medication, with no serious symptoms or limitations. [16] at 22, 225.  The treating medical source's opinion would generally be entitled to more deference than that of Dr. Osborne.  *See, e.g.*, *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).  Plaintiff's argument is simply not persuasive.

     Plaintiff also argues that though Dr. Mack's records indicate Plaintiff's mental condition has improved, it was worse in the past.  Plaintiff contends this means Plaintiff's condition fluctuates and the ALJ should have determined that the stress of work would cause Plaintiff's condition to worsen again.  Plaintiff claims the ALJ improperly over-emphasized the most recent Global Assessment of Functioning ("GAF") score of 70,[3] since Plaintiff received that score after he had been away from work stress for a significant period of time.  Plaintiff speculates that if forced to work again, his GAF

---

[3] A score of 70 indicates the individual is experiencing mild symptoms but functioning well. [16] at 22.

8

would return to the lower level of 50,[4] where it was in 2009.  This argument is purely speculative and totally discounts the treatment Plaintiff received after 2009.  Moreover, it is the ALJ's job to weigh the evidence, which he carefully did.  His decision is supported by substantial evidence in this case and he applied the correct legal standards.

## CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Plaintiff's Motion [17] be denied and Defendant's Motion [20] for an Order Affirming the Decision of the Commissioner be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 29th day of December, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[4] A score of 50 indicates serious symptoms and serious functioning impairment.