IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKY POWELL NETTLES**                                                              **PLAINTIFF**

V.                                                                   CAUSE NO. 5:13-cv-257-CWR-LRA

**CAROLYN W. COLVIN**                                                              **DEFENDANT**
**Commissioner of Social Security**

## ORDER

Before the Court is the plaintiff's objection to the Magistrate Judge's Report and Recommendation (R&R). Docket No. 23. The R&R recommends affirming the Commissioner's denial of social security disability and disability insurance benefits. Docket No. 22.

The Court has reviewed *de novo* the portions of the R&R to which the plaintiff objected. 28 U.S.C. § 636(b). It finds that the R&R should be affirmed. The record contains substantial evidence to support the Commissioner's decision, *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995), and the ALJ applied the proper legal standards. *Adler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).

Nettles argues that the ALJ improperly assessed his credibility. "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983) (citation omitted). The ALJ may discredit a claimant's testimony when it conflicts with medical evidence in the record, *see Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991), and great deference must be given to such determination. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ must, however, "articulate reasons for discrediting the claimant's complaints." *Spruill v. Astrue*, 299 Fed. Appx. 356, 358 (5th Cir. 2008) (citing

*Abshire v. Bowen,* 848 F.2d 638, 642 (5th Cir.1988)).  Here, the ALJ found that although Nettles does present with a history of psychological and physical difficulty, his testimony regarding the intensity and limited effects of his symptoms was "suspect."  Docket No. 16, at 22.  The ALJ articulated the reasons for his credibility finding.  Specifically, he identified statements in Nettles's testimony, pointed to contrary objective medical evidence in the record, and discussed the reasons for the weight assigned to each statement.  *See*, *id.* at 15-18; SSAR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").  Our review of the record reveals that substantial evidence supports the ALJ's findings concerning Nettles's credibility.

     Second, Nettles contends that the ALJ incorrectly assessed his Residual Functional Capacity (RFC).  Based on his review of the evidence, the ALJ placed limitations on Nettles's RFC: "no climbing of ladders, ropes or scaffolds, occasional climbing of ramps or stairs, and he is limited to the performance of simple, routine and repetitive tasks with only occasional interaction with the public, co-workers and supervisors."  Docket No. 16,  at 23.  Nettles argues that the ALJ improperly analyzed the medical statement of consultative psychologist Dr. William Osborne who opined that Nettles "likely would have a great deal of difficulty mentally performing routine repetitive tasks, interacting with co-workers, and receiving supervision."  *Id.* at 202.  The ALJ considered Dr. Osborne's opinion, but deferred to the opinion of Nettles's treating physician Dr. James Mack, who indicated that plaintiff's "depression was well controlled, anxiety under good control."  *Id.* at 22, 356; *see Newton*, 209 F.3d at 456 (noting that

2

generally, a treating physician's opinion is given controlling weight).  Thus, the ALJ's determination of Nettles's RFC was supported by substantial evidence in the record.

Based on the above, this Court adopts the R&R's findings and conclusions as its own. Accordingly, the Commissioner's motion to affirm is granted and the plaintiff's motion for summary judgment is denied.

A separate Final Judgment will issue this day.

**SO ORDERED**, this the 3rd day of March, 2016.

                                                  s/ Carlton W. Reeves  
                                                  UNITED STATES DISTRICT JUDGE